**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO. 18-1762 |
| | : | |
| JOHN DOE | : | |
| SUBSCRIBER ASSIGNED IP ADDRESS | : | |
| 100 14. 168. 132 | : | |
| Defendant | : | |

**ORDER**

AND NOW, this _____ day of _____, 2018, upon consideration of the Motion of Samantha F. Green, attorney for John Doe subscriber assigned IP address 100 14. 168. 132 ("John Doe"), for an Order vacating this Court's Order of June 28, 2018, and Quashing Plaintiff's Rule 45 Subpoena to Verizon Communications, Inc., and the Court having considered the moving and opposing papers and any arguments of counsel, and good cause having been shown, it is ORDERED that John Doe's Motion is GRANTED as follows:

1. The Court's Order of June 28, 2018, permitting Plaintiff to serve a Rule 45 subpoena on Verizon Communications, Inc. is hereby Vacated;

2. IT IS FURTHER ORDERED that the Plaintiff's Subpoena of July 12, 2018 to Verizon Communications, Inc. seeking the name, address, and telephone number of John Doe subscriber assigned IP address 100 14. 168. 132, is hereby Quashed; and

3. IT IS FURTHER ORDERED that Verizon Communications, Inc. shall not release any identifying information concerning its subscriber assigned IP address 100 14. 168. 132 to Plaintiff or any of its representatives.

**BY THE COURT:**

_____
J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, : | |
| : | CIVIL ACTION |
| Plaintiff : | |
| v. : | NO. 18-cv-1762 |
| : | |
| JOHN DOE : | |
| SUBSCRIBER ASSIGNED IP ADDRESS : | |
| 100 14. 168. 132 : | |
| Defendant : | |

**JOHN DOE'S MOTION TO QUASH SUBPOENA PURSUANT TO F.R.C.P. 45(d)(3)**

John Doe, subscriber assigned IP address, 100 14. 168. 132 ("John Doe"), by and through their undersigned counsel, Sidkoff, Pincus & Green, P.C., pursuant to Federal Rule of Civil Procedure 45(d)(3), respectfully moves this Honorable Court for an Order vacating the Court's Order of June 28, 2018 permitting Plaintiff Strike 3 Holdings, LLC ("Plaintiff") to serve a subpoena on Verizon, quashing Plaintiff's July 12, 2018 Subpoena to Verizon, and ordering Verizon to not release any information relating to the ISP number identified in the Complaint and Subpoena. In support of this Motion, John Doe relies upon the attached Memorandum of Law, which is incorporated by reference herein.

Respectfully submitted,

/s/ *Samantha F. Green*_____

Samantha F. Green, Esquire
**SIDKOFF, PINCUS & GREEN, P.C.**
Attorney I.D. No. 316157
1101 Market Street, Ste. 2700
Philadelphia, PA 19107
(215) 574-0600 (office)
(215) 574-0310 (fax)
sgreen@sidkoffpincusgreen.com

Dated: August 28, 2018   *Attorneys for John Doe subscriber assigned IP address 100 14. 168. 132*

1

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, : | |
| : | CIVIL ACTION |
| Plaintiff : | |
| v. : | NO. 18-cv-1762 |
| : | |
| JOHN DOE : | |
| SUBSCRIBER ASSIGNED IP ADDRESS : | |
| 100 14. 168. 132 : | |
| Defendant : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO QUASH
SUBPOENA PURSUANT TO F.R.C.P. 45(d)(3)**

John Doe, subscriber assigned IP address, 100 14. 168. 132 ("John Doe"), by and through their undersigned counsel, Sidkoff, Pincus & Green, P.C., hereby submits this Memorandum of Law in Support of their Motion to Quash Subpoena Pursuant to F.R.C.P. 45(d)(3).

### I.     PROCEDURAL HISTORY

On April 26, 2018, Plaintiff filed a Complaint (ECF No. 1) against John Doe via John Doe's ISP number. The Complaint alleges that Plaintiff owns the relevant rights to the unnamed works listed on Exhibit A attached to Plaintiff's Complaint (the "Works"), which it claims as the basis for this suit. Plaintiff alleges that John Doe downloaded Plaintiff's Works, consisting of adult videos, off of a torrent website called BitTorrent.com between August 7, 2017 and March 25, 2018. *See* ECF Doc. 1-1.

On June 28, 2018, pursuant to an Ex-Parte Motion filed by Plaintiff to serve a subpoena (ECF No. 5), the Court entered an order granting Plaintiff permission to serve a subpoena on Verizon to compel the disclosure of documents that would identify the name and address of John Doe with the Verizon Communications, Inc. ("Verizon") IP address of 100 14. 168. 132 ("John

1

Doe"), so John Doe can be named as a defendant in Plaintiff's copyright infringement action. (ECF No. 5).

On July 12, 2018, Plaintiff served a subpoena on Verizon, requesting the name and address associated with the ISP number. *See* Subpoena attached hereto as Exhibit "A". John Doe now files this Motion seeking to vacate the Court's Order of June 28, 2018 permitting Plaintiff to serve a subpoena on Verizon, quashing Plaintiff's July 12, 2018 Subpoena to Verizon, and ordering Verizon to not release any information relating to the ISP number identified in the Complaint and Subpoena to Plaintiff or any of its representatives.

## II. LEGAL DISCUSSION

### A. John Doe's Privacy Interest in Their ISP Information

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. See *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005). Movant herein has a clear personal and proprietary interest in the personal details sought. Congress recognizes that subscribers have a privacy interest in their personally identifying information retained by ISPs. *See* H.R. Rep. 98-934 (1984), reprinted in 1984 U.S.C.C.A.N. 4655 at *79 ("The Congress is recognizing a right of privacy in personally identifying information collected and held by a cable company. . ."); *Sate v. Reid*, 945 A.2d 26, 33 (N.J. 2008) (An individual has an expectation of privacy with respect to identifying information on file with internet service providers based on state law in accordance with the state's constitution). Additionally, the Supreme Court has recently affirmed an individual's right to privacy in information collected by their cell phone carriers. *Carpenter v. U.S.*, 138 S.Ct. 2206 (2018).

Courts addressing an individual's right to privacy in their ISP information in similar contexts, such as where subpoenas are issued to compel the disclosure of ISP owners' information, show that John Doe has standing because the subpoena implicates John Doe's privacy interests. *See Hard Drive Productions, Inc. v. Does 1-48,* No. 11-9062 (ECF No. 28 at 7), 2012 WL 2196038, at 3 (N.D. Ill. June 14, 2012) ("Generally, a party lacks standing to quash a subpoena issued to a nonparty **unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests.**") (emphasis added). Courts have found standing in similar cases, even where the defendant's privacy interest is "minimal at best." *See, e.g., Malibu Media, LLC v. Does 1-25,* No. 12-362 (ECF No. 27 at 3), 2012 WL 2367555, *2 (S.D. Cal. June 21, 2012). Because John Doe has at least a minimal privacy interest in the information requested by the subpoena, John Doe has standing to object. *Third Degree Films, Inc. v. Does 1-108,* No. 11-3007 (ECF No. 31 at 6), 2012 WL 669055, *2 (D. Md. Feb. 28, 2012) ("however minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party").

Numerous other courts, faced with nearly identical BitTorrent lawsuits, have likewise concluded that the account-holder associated with an identified IP address may challenge subpoenas issued to the subscriber's ISPs. *See, e.g*., S*trike 3 Holdings, LLC v. JOHN DOE subscriber assigned IP address 108.46.43.152*, Docket No. 17-cv-08956 (S.D.N.Y. 2018) (order granting Doe's motion to quash); *Hard Drive Prods., Inc., v. Does 1-188*, 809 F. Supp.2d 1150 (N.D. Cal. 2011) (order granting Doe's motion to quash*); Boy Racer, Inc., v. Does 1-60*, No. 11-01738 (ECF No. 24) (N.D. Cal. Aug. 19, 2011) (order granting Doe's motion to quash and dismiss Case without prejudice); *Nu Image, Inc., v. Does* 1-3932, No. 11-00545 (ECF No. 244)

(M.D. Fla. May 23, 2012) (order granting Doe's motion to quash or, in the alternative, to sever and dismiss); *In Re BitTorrent Adult Film Copyright Infringement Cases*, No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting motions to quash from underlying action).

### B. **Plaintiff's Discovery Request Subjects John Doe to an Undue Burden**

A subpoena may be squashed when it subjects a person to undue burden. F.R.C.P. 45(d)(3)(A)(iv). Here, Plaintiff, as part of its for-profit business model, seeks John Doe's confidential personal identifying information from John Doe's ISP so that Plaintiff can annoy and embarrass John Doe, and coerce a quick and profitable settlement under the threat of publicly outing John Doe of illegally downloading pornography-- despite evidence calling into question whether John Doe ever engaged in such acts. This business model is well documented:

> [O]nce the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand . . . the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle . . . . Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.

*MCGIP v. Does 1-149*, No. 11-02331, 2011 WL 4352110, at *4 (N.D. Cal. 2011) (emphasis added). *See also On the Cheap, LLC, v. Does 1-5011*, No. C10-4472, 2011 WL 4018258 at *11 (N.D. Cal. 2011) (plaintiff's settlement tactics leave defendants with "a decision to either accept plaintiff's demand or incur significant expense to defend themselves" and finding that this does not "comport with the 'principles of fundamental fairness'").

Court have recognized that plaintiffs like this one "would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual – whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain

4

legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the settlement demand. **This creates great potential for a coercive and unjust settlement.'"** *SBO Pictures, Inc., v. Does 1-3,036*, No. 11-4220, 2011 WL 6002620, at *8 (N.D. Cal. Nov. 30, 2011) (quoting *Hard Drive Prods., Inc., v. Does 1-130,* No. C-11-3826, 2011 U.S. Dist. LEXIS 132449 at *9 (N.D. Cal. 2011) (emphasis added). As one court recently noted,

> The Court has previously expressed concern that in pornographic copyright infringement lawsuits like these, the economics of the situation makes it highly likely for the accused to immediately pay a settlement demand. Even for the innocent, a four-digit settlement makes economic sense over fighting the lawsuit in court – not to mention the benefits of preventing public disclosure (by being named in a lawsuit) of allegedly downloading pornographic videos.

*Ingenuity 13 LLC. v. John Doe,* No. 12-8333 (C.D. Cal. 2013). "[T]he court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net)." *Hard Drive Prods., Inc. v. Does 1-90,* No.11-03825, 2012 WL 1094653, at *7 (N.D. Cal. 2012).

Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and oppression that would result if John Doe's personal identifying information were associated, without sufficient evidentiary support, of illegally downloading pornography. Such association would be highly embarrassing to John Doe, unjustifiably stigmatizing to John Doe, injurious of John Doe's character and reputation, and potentially jeopardizing to John Doe's employment. Moreover, even after John Doe is able to demonstrate that Plaintiff's allegations in this suit are false, the embarrassment and reputational damage from Plaintiff's false public claim will still persist. However, by quashing the Plaintiff's subpoena, the Court can prevent John Doe from being unjustly harmed and embarrassed by premature allegations of downloading illegal pornography. Under these circumstances, the subpoena should be quashed.

### C. <u>Plaintiff's Discovery Request Will Not Identify the Alleged Offender</u>

On August 27, 2018, the Ninth Circuit upheld the lower court's dismissal of a complaint for copyright infringement, ruling that the bare allegation that a defendant is the registered subscriber of an Internet Protocol ("IP") address associated with infringing activity is insufficient to state a claim for direct or contributory infringement. *Cobbler Nevada, LLC v. Gonzales*, No. 17-35041, 2018 WL 4055766 at *1(9th Cir. 2018). In *Cobbler*, the owner of a copyright in the film *The Cobbler* identified an IP address in Portland, Oregon that had downloaded and distributed *The Cobbler* multiple times without authorization. *Id* at *2. The plaintiff in *Cobbler* then served a subpoena on Comcast Corporation to compel the disclosure of the IP address owner's name and other relevant information. *Id.* at * 2. The plaintiff received the IP address owner's name, and then filed an Amended Complaint naming the IP address owner as the sole defendant. *Id.* at * 2. The district court dismissed the plaintiff's Amended Complaint because the plaintiff failed to allege any facts connecting the IP address owner to the infringing activity.

On appeal, the 9th Circuit affirmed the dismissal and ruled:

[An individual's] status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer. Because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle. A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer.

*Id.*

Plaintiff's Complaint is yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence - indeed, far from it. As the court in *SBO Pictures* understood, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." *SBO Pictures, Inc.*, *supra*, 2011 WL 6002620, at *3. *See also VPR Internationale v. Does 1-1,017,*

No. 11-02068, 2011 WL 8179128 (C.D. Ill. 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

"Several courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address." *Malibu Media, LLC v. Doe,* No. 8:13-cv-00365 (ECF No. 60 at 7), 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); *see Patrick Collins, Inc. v. Doe 1,* 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (an IP address is insufficient to identify an infringer because "the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner"); *Patrick Collins, Inc. v. John Does 1- 4,* No. 1:12-cv-02962 (ECF No. 7 at 2), 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012)(Baer, J.) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer."). (All cases cited in *Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101,* No. 0:15-cv-60446 (ECF No. 10) (S.D. Fla. April 8, 2015)).

Courts in other districts also have concluded that a mere IP address "may not be a sufficient basis on which a plausible claim can lie against a subscriber." *Malibu Media, LLC v. Doe*, No. 8:13-cv-00365 (ECF No. 60 at 7), 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); see *Elf- Man, LLC v. Cariveau*, No. 2:13-00507 (ECF No. 78), 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers."); *Malibu Media, LLC v. Tsanko*, No. 12-3899, 2013

7

WL 6230482, at *10 (D.N.J. 2013) ("The Court questions whether these allegations are sufficient to allege copyright infringement stemming from the use of peer-to-peer file sharing systems where the defendant-corporation is connected to the infringement solely based on its IP address. It may be possible that defendant is the alleged infringer that subscribed to this IP address, but plausibility is still the touchstone of *Iqbal* and *Twombly*."); *AF Holdings LLC v. Rogers*, No. 12-cv-1519, 2013 WL 358292, at *3 (S.D. Cal. 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."). *Accord, Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101*, No. 0:15-cv-60446 (S.D. Fla. April 8, 2015).

    Thus, because the discovery sought by Plaintiff in this case only will identify the ISP subscriber and not the infringer, the discovery sought in the subpoena is not likely to lead to the identity of the alleged infringing Doe defendant or allow Plaintiff to effectuate service thereon. John Doe submits that this Court should heed the concerns expressed, *supra*, (1) about the coercive procedures typically utilized by plaintiffs to extract and extort settlements from putative defendants without ever actually litigating the case on the merits; and (2) disclosing John Doe's name and address will reveal only the internet subscriber – not a person likely to have committed the acts complained of (if they were committed at all). Accordingly, there is good cause for this Court to vacate its prior Order and Quash the Subpoena issued to Verizon to prevent the release of John Doe's identity.

    WHEREFORE, John Doe, by and through their counsel, respectfully requests this Honorable Court vacate the Court's Order of June 28, 2018 permitting Plaintiff to serve a

subpoena on Verizon, quash Plaintiff's July 12, 2018 Subpoena to Verizon, and order Verizon to not release any information relating to the ISP number identified in the Complaint and Subpoena.

                        Respectfully submitted,

                        */s/ Samantha F. Green*_____

                        Samantha F. Green, Esquire
                        **SIDKOFF, PINCUS & GREEN, P.C.**
                        Attorney I.D. No. 316157
                        1101 Market Street, Ste. 2700
                        Philadelphia, PA 19107
                        (215) 574-0600 (office)
                        (215) 574-0310 (fax)
                        sgreen@sidkoffpincusgreen.com
Dated: August 28, 2018         *Attorneys for John Doe subscriber assigned IP address 100 14. 168. 132*

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| STRIKE 3 HOLDINGS, LLC | Plaintiff | Civil Action No.: 2:18-cv-01762-JS |
|---|---|---|
| v. | | |
| John Doe subscriber assigned IP address 100.14.168.132, | Defendant | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon
c/o VSAT – Subpoena Compliance Team
180 Washington Valley Road
Bedminster, NJ 07921
T: (800) 451-5242
F: (325) 949-6916
Email: verizonlegalprocesscompliance@verizon.com

Serve: Via Certified Mail (Courtesy Copy via Email)

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please produce documents identifying the **name AND address ONLY** of the defendant John Doe listed in the below chart **AFTER** expressly following the instructions and limitations outlines by the Court in the attached Order.

| IP Address | Date/Time UTC |
|---|---|
| 100.14.168.132 | 03/25/2018 02:41:29 |

| Attn: | Andrew W. Bonekemper, Esq. | Date and Time: |
|---|---|---|
| Place: | Fox Rothschild LLP<br>10 Sentry Parkway, Suite 200<br>P.O. Box 3001<br>Blue Bell, PA 19422-3001<br>T: (610) 397-6500<br>F: (610) 397-0450 | August 24, 2018 @ 5:00 PM EST |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/12/2018

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Andrew W. Bonekemper
Attorney's Signature

The name, address, e-mail, and telephone number of the attorney representing *Plaintiff*, who issues or requests this subpoena, are:

Andrew W. Bonekemper, Esq.
Fox Rothschild LLP
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422-3001
T: (610) 397-6500; F: (610) 397-0450; E-mail: abonekemper@foxrothschild.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



## CERTIFICATE OF SERVICE

I, Samantha F. Green, Esquire, hereby certify that a copy of *John Doe's Motion to Quash Subpoena Pursuant to F.R.C.P. 45(d)(3)* was served upon the following through the Court's CM/ECF System:

Andrew W. Bonekemper, Esq.
**Fox Rothschild LLP**
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422-3001

/s/ Samantha F. Green_____

Samantha F. Green, Esquire
**SIDKOFF, PINCUS & GREEN, P.C.**
Attorney I.D. No. 316157
1101 Market Street, Ste. 2700
Philadelphia, PA 19107
(215) 574-0600 (office)
(215) 574-0310 (fax)
sgreen@sidkoffpincusgreen.com

Dated: August 28, 2018   *Attorneys for John Doe subscriber assigned IP address 100 14. 168. 132*

1