IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-1762 |
| | : | |
| JOHN DOE | : | |
| *SUBSCRIBER ASSIGNED IP ADDRESS* | : | |
| *100.14.168.132* | : | |

## ORDER

AND NOW, this 2nd day of October, 2018, upon consideration of Defendant John Doe's motion to quash subpoena, Plaintiff Strike 3 Holdings, LLC's opposition thereto, and Doe's reply, it is ORDERED the Motion (Document 8) is DENIED.[1]

---

[1] Plaintiff Strike 3 Holdings, LLC filed the above-captioned action, asserting claims for copyright infringement arising out of unknown Defendant John Doe's downloading of certain pornographic movies through a peer-to-peer client sharing program known as BitTorrent. Doe moves to quash a subpoena Strike served on Verizon Online LLC—Doe's internet service provider—requesting the name and address associated with Doe's internet protocol (IP) address.

Doe first argues that the subpoena served on Verizon must be quashed under Federal Rule of Civil Procedure 45(c) because it places an undue burden on him as Strike will use his personal information to annoy and embarrass him, and coerce settlement. The Court disagrees. Rule 45(c) provides that a court must quash or modify a subpoena when it "subjects a person to an undue burden." Fed. R. Civ. P. 45(c). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Rule 45 are satisfied"—which is a heavy burden. *See Malibu Media, LLC v. John Does* 1-15, No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012). When a plaintiff is not personally required to respond to a third-party internet service provider (ISP) subpoena and otherwise has no burden to produce information pursuant to it, there is no undue burden on the plaintiff. *See id*. (holding fact that ISP alone bore the burden of producing information pursuant to a subpoena was "fatal" to plaintiff's undue burden claim).

Here, like the plaintiff in *Malibu*, Doe is not personally required to respond to the subpoena. *See id*. at *9. In addition, like the ISP in *Malibu Media*, Strike's subpoena is directed to Verizon—a third-party ISP. Pursuant to the subpoena, Doe has no obligation to produce any information to Strike. Consequently, there is no undue burden.

Doe's unsupported assertion that Strike would use Doe's personal information to coerce settlement is also insufficient to quash Strike's subpoena as an undue burden. *See Malibu Media, LLC v. Doe*, No. 15-1834, 2015 WL 4403407, at *3 (S.D.N.Y. July 20, 2015) (denying a motion to quash where the Doe defendant failed to provide "evidence that [plaintiff] has engaged in any . . . coercive settlement negotiation or would probably engage in such coercion once [plaintiff] acquires [defendant's] identity information"). Although Strike sent Doe an anonymous

settlement offer requesting the minimum statutory damages for each infringement claim, there is nothing to suggest that the settlement offer was coercive or in bad faith. *See* Pl.'s Reply Br. Ex. B ("My client is willing to extend an anonymous settlement offer of $24,750 (minimum statutory damage per infringement) in exchange for a full release. Please let me know if accepted and I will provide you with a release to review and notify the ISP."). Therefore, Strike's subpoena to Verizon places no undue burden on Doe.

Doe further argues the subpoena should be quashed because it violates his First Amendment rights. The First Amendment of the United States Constitution "protects the right to engage in anonymous communication, and that protection extends to the Internet." *Raw Films, Ltd. v. John Does 1-15*, No. 11-7248, 2012 WL 1019067, at *6 (citing *Reno v. ACLU*, 521 U.S. 844, 870 (1997)). "The First Amendment is implicated by civil subpoenas seeking the identity of anonymous individuals." *Id*. (citing *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958)). If a Doe defendant's interest in anonymous speech outweighs the plaintiff's interest in disclosure, a subpoena to a third-party ISP must be quashed. *See Raw Films*, 2012 WL 1019067, at *8.

The Third Circuit has not established a test for "weighing the necessity for discovery against the right to engage in anonymous speech." *Malibu Media, LLC v. John Does 1-16*, 902 F. Supp. 2d 690, 698 (E.D. Pa. 2012). However, the Second Circuit has developed a five-factor balancing test, which balances:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Id*. (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). The *Arista Records* test has been consistently applied in this district to motions to quash subpoenas to third-party ISPs. *See, e.g.*, *id*.; *Raw Films*, 2012 WL 1019067, at *7; *Malibu Media, LLC v. John Does 1-18*, No. 12-2095, 2012 WL 8264665, at *7 (E.D. Pa. Sept. 27, 2012).

Here, given that only the specificity of the discovery request and the objecting party's expectation of privacy are at issue, application of the *Arista Records* balancing test against these factors weighs against quashing the subpoena. In regard to the specificity of the discovery request, Doe argues this factor weighs toward quashing the subpoena because disclosing the name and address of the internet subscriber linked to the infringing IP address is insufficient to ascertain the identity of the accused infringer of Strike's copyright. To the contrary, this information is sufficiently tailored to lead to the identification of the infringing individual, even if it does not directly identify him or her. *John Does 1-16*, 902 F. Supp. 2d 690 at 699 (holding the specificity factor was satisfied where "the third-party subpoenas s[ought] the contact information of the subscribers associated with the specific IP addresses identified"); *Raw Films*, 2012 WL 1019067, at *7 ("[A]lthough the provision of [the Does' names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses] may not directly identify the proper defendants, it is sufficiently tailored to lead to the identification of those individuals."). Strike's subpoena to Verizon thus has sufficient specificity to identify the alleged infringer and the specificity factor therefore weighs toward denying Doe's motion to quash.

BY THE COURT:


   /s/ Juan R. Sánchez   
Juan R. Sánchez, C.J.

---

With respect to the expectation of privacy factor, Doe argues disclosing his name and address also weighs toward quashing the subpoena because disclosure will injure his reputation and associate his name with downloading illegal pornography. However, courts in this jurisdiction have held that, while some social stigma may be attached to consuming pornography, the "potential embarrassment . . . of being associated with allegations of [downloading] hardcore pornography does not constitute an exceptional circumstance that would warrant" quashing a subpoena served on a third-party ISP. *Malibu Media*, 2012 WL 3089383, at *8; *see John Does 1-16*, 902 F. Supp. 2d at 698 (finding injury to a Doe's reputation insufficient to violate his First Amendment rights and mandate quashing a subpoena served on the Doe's ISP); *John Does 1-18*, 2012 WL 8264665, at *7 (finding the expectation of privacy factor weighs against quashing a subpoena served on a third-party ISP where the Doe defendant shared copyrighted works); *see also Raw Films*, 2012 WL 1019067, at *8 ("A Doe defendant who has allegedly used the internet to unlawfully download and disseminate copyrighted material does not have a significant expectation of privacy."). Therefore, the expectation of privacy factor also weighs toward denying Doe's motion to quash. As a result, Strike's subpoena to Verizon to learn Doe's name and address does not violate his Doe's First Amendment rights.

      Accordingly, for the reasons set forth above, Doe's motion to quash is denied.